KANAWHA & OHIO COAL CO. *v.* A. D. HUNT, ET AL.

**Judgment—Process—Cause of Action.**

No valid judgment can be taken against a party not served with process and who does not appear to the action.

**Cause of Action.**

A party seeking to recover as the assignee of another must do so, if at all, on the cause of action set up by his assignor, and not on a separate cause of action he may have independent of the rights he secured by the assignment.

APPEAL FROM KENTON CIRCUIT COURT.

October 24, 1874.

OPINION BY JUDGE COFER:

The authority of Smith to bind appellant was distinctly denied in the answer, and was not proved. The appellant also distinctly denied that any settlement had ever been made, and also denied any indebtedness to the appellee, Hunt, and none was proved, the master's report being based alone, as it appears, upon the writing sued on, which, for want of proof of Smith's authority, was no evidence of indebtedness on the part of appellant.

Jackson never was made a party to the suit, and if he had been, he was not entitled to a judgment. His answer, which was allowed to be filed as if he had been a defendant, was made a cross-petition against the appellant, who was his co-defendant, and no process thereon having been served, and appellant never having appeared to the cross-petition, the judgment in his favor was void. Nor can the judgment in his favor be upheld on the ground that it was for a part of the demand sued for by Hunt, and assigned by him pending the action to Jackson. Hunt sued on the writing signed by Smith, and Jackson has recovered a judgment on notes of appellant executed to him; and an entirely distinct cause of action is set up for the first time in Jackson's cross-petition.

If Jackson would recover as the assignee of Hunt, he must recover on the cause of action set up by his assignor; and if he seeks to recover on the notes filed with his answer and cross-petition, he should proceed in a separate action.

Wherefore the judgments are *reversed,* and the cause is remanded with directions to strike Jackson's answer from the files, and for further proceedings.

*J. C. Carlisle, for appellant.*
*Benton & Benton, for appellees.*